**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY DOMINICK FLOWERS, | ) | CASE NO. 1:12-cv-2049 |
| Plaintiff, | ) ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| v. | ) ) | |
| WALGREENS, INC., | ) ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | Doc. No. 29 |

Before the court is the motion of defendant Walgreens, Inc. ("Walgreens") to dismiss the complaint of plainiff, Dominick Flowers ("Flowers"), pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 29.  Flowers opposes Walgreens' motion.  Doc. No. 33.  For the reasons described below, the court **GRANTS** Walgreens' motion and dismisses Flowers' complaint with prejudice.

I.

Flowers pleads the following facts.  On February 18, 2011, Flowers entered a Walgreens store at 11401 Union Avenue in Cleveland, Ohio.  He selected a container of orange juice and a box of toothpaste from the shelves, then he went to the pharmacist and asked a question about tooth whitening.  When the pharmacist answered his question, he returned the toothpaste to the shelf from which he had taken it.  At no time did Flowers conceal the orange juice, the toothpaste, or any other store item in his clothing or open any

of the store's merchandise.

Flowers took the orange juice to the cashier and asked for a pack of cigarettes. While the cashier was getting the cigarettes, Walgreens' security guard, Reuben Johnson ("Johnson"), an off-duty Cleveland Police officer who was wearing his police uniform, approached Flowers. Johnson asked Flowers about the toothpaste he had removed from the shelf, and Flowers told Johnson that he had replaced it. Johnson replied that the store manager, John Herbst ("Herbst") had told Johnson that Flowers had concealed the toothpaste in his coat.

Eventually, Johnson escorted Flowers outside the store and continued to question him regarding the toothpaste. As he did, the store supervisor, Lon Lofton, pulled into the parking lot.

Johnson continued trying to make Flowers give up the toothpaste allegedly concealed on his person. Finally, Johnson told Flowers to put his hands behind his back and that if Flowers attempted to leave, Johnson would use a weapon to shock Flowers.

Flowers put his hands behind his back, and Johnson handcuffed him. When Johnson announced that he was going to search Flowers, Flowers stated that he did not consent to a search. Johnson said that he would conduct the search anyway because he was a police officer with the requisite authority to do so.

Johnson unzipped Flowers' coat and looked through his pockets. He discovered a syringe and a small bottle of water in one of Flowers' pockets. After finding these items, Johnson took Flowers to a restricted room in the store and called the Cleveland Police Department for further investigation. Johnson again stated that he believed that Flowers had store merchandise concealed on his person. While Flowers and Johnson waited for

the police to arrive, Herbst told Flowers that he was no longer welcome in any Walgreens store and "compelled [Flowers] to sign a document waiving his right to shop in the Defendant's stores." Complaint at 4.

When the police arrived, Flowers again denied having taken any merchandise and asked that the police review the store surveillance tapes. The police declined to do so. Instead, they arrested Flowers and took him to the local jail. A search at the jail revealed no stolen merchandise.

Flowers was charged with drug possession and possession of drug paraphernalia. He was unable to meet bond. Eventually, he pleaded guilty to drug possession after having spent about 150 days in custody.

Flowers filed his complaint on August 8, 2012. He asserted a single cause of action in his complaint, an action based on an Fourth Amendment violation brought pursuant to 42 U.S.C. § 1983 ("§ 1983"). At a status conference on January 10, 2013, with Flowers' prospective counsel in attendance, the court indicated that the original complaint had serious deficiencies that needed to be addressed. At a status conference on March 1, 2013 while Flowers was proceeding *pro se*, the court expressed serious doubt that a § 1983 claim could be asserted against Walgreens and said that Flowers might want to explore state causes of action.

Flowers filed an amended complaint on March 4, 2013. He alleges in his amended complaint a violation of the Fourth Amendment and asserts liability pursuant to § 1983. He also asserts a cause of action pursuant to Ohio Rev. Code § 2307.22 ("§ 2307.22"), and asks for injunctive relief to allow him to shop at Walgreens. Defendant now moves for summary judgment on Flowers' claims.

3

II.

Defendant moves to dismiss this case pursuant to R. 12(b)(6), failure to state a claim upon which relief may be granted.

In deciding a motion to dismiss under R. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic Corp. v.*] *Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S. Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).  According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible."* *Weisbarth*, 499 F.3d at 541 (quoting *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)).  That is, "*Iqbal* interpreted *Twombly* to require more concrete

4

allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

III.

Flowers asserts claims pursuant to § 1983 and § 2307.22. Walgreens contends that Flowers fails to state a claim for relief pursuant to either statute. The court shall examine each of these contentions in turn.

*A.  Claim pursuant to § 1983*

Section 1983 enables individuals to "interpose the federal courts between the States and the people, as guardians of the people's federal rights--to protect the people from unconstitutional action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir. 2006)).

As discussed in the section examining Flowers' request for an injunction, Flowers' complaint fails to allege a constitutional violation by Walgreens as a result of Flowers' search and detention. But even if Flowers did allege a constitutional violation, he fails to allege liability for Walgreens pursuant to § 1983.

Liability pursuant to § 1983 is usually reserved for state officials and the state political divisions that they represent. To hold a private party, such as Walgreens, liable

5

pursuant to § 1983, a plaintiff must prove that the party functioned as a state actor because the party's actions "were properly attributable to the state, *i.e.* that [the party] qualified as a state actor." *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). Courts use three tests to determine whether a private party's acts are "fairly attributable" to the state: (1) the public function test, (2) the state compulsion test, and (3) the nexus test. *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007). The public function test focuses on whether the private entity exercised powers that "are traditionally exclusively reserved to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The state compulsion test examines whether "the state significantly encouraged or somehow coerced the private party . . . to take a particular action so that the choice is really that of the state." *Amer. Postal Workers Union, Local 96 v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). The nexus test investigates whether there was a sufficiently close relationship between the state and the private actor that "the action taken may be attributed to the state." *Id.*

Walgreens is not a state official or a state political subdivision. Thus, it may be held liable pursuant to § 1983 only if it meets one of the three tests for attributing the actions of a private actor to the state.

Flowers neither alleges that Walgreens functioned as a state actor nor pleads sufficient facts to find that Walgreens functioned as a state actor pursuant to any of the three tests described above. The failure to plead that Walgreens functioned as a state actor is itself fatal to Flowers' § 1983 claim. But even if Flowers had made this allegation, he has not pleaded facts sufficient to find that Walgreens exercised powers traditionally reserved to the state, violated Flowers' rights under encouragement or compulsion by the

6

state, or had so close a relationship with the state that Walgreens' acts might be taken to be the acts of the state. A claim that Walgreens exercised powers traditionally reserved to the state is precluded by Flowers' pleading that Johnson compelled the search of Flowers not as a Walgreens employee but as a Cleveland police officer and that he enforced the search by his authority *as* a police officer.

Flowers fails to state a claim for liability against Walgreens pursuant to § 1983. Consequently, the court grants Walgreens' motion to dismiss Flowers' cause of action for an illegal search brought pursuant to § 1983.

*B.    Claim pursuant to § 2307.22*

Section 2307.22 addresses how joint and several liability is determined when parties have been found liable in tort. Section 2207.22 provides no cause of action for alleged injuries. It merely describes how damages are to be apportioned when parties have been found liable pursuant to a separate cause of action. Thus, Flowers cannot assert a cause of action pursuant to § 2207.22 because no such cause of action exists. For this reason, the court grants Walgreens' motion to dismiss Flowers' cause of action for an illegal search brought pursuant to § 2307.22.

IV.

Flowers also seeks an injunction requiring Walgreens to allow him to shop in its stores. Walgreens argues that Flowers fails to plead any basis for issuing such an injunction.

"A party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer continuing irreparable injury for which there is no adequate remedy at law." *Saieg v. City of Dearborn*, 641 F.3d 727 (6th Cir. 2011) (quoting

*Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010)). Flowers does not allege a constitutional violation or allege that he would suffer irreparable injury if the request for an injunction is not granted. First, it is black letter law that the Fourth Amendment does not provide any protection against searches, even unreasonable ones, by private actors. *United States v. Jacobsen*, 466 U.S. 109, 113-114 (1984). Thus, an unreasonable search by a private actor, such as Walgreens, is not a violation of the Fourth Amendment. Second, Flowers has not alleged or offered any facts to support a continuing, irreparable injury if the court does not issue an injunction requiring Walgreens to allow him to shop in its stores.

Flowers' complaint fails to plead a basis for injunctive relief. Consequently, the court grants Walgreens' motion to dismiss Flowers' request for an injunction ordering Walgreens to allow Flowers to shop in its stores.

V.

Plaintiff, who has been represented intermittently by counsel, has been given an opportunity to amend his complaint. Moreover, his counsel's opposition to the motion to dismiss contains no allegations or response that suggest an amended complaint would be anything but futile. Accordingly, for the reasons given above, the court **GRANTS** Walgreens' motion to dismiss in its entirety and dismisses Flowers' complaint with prejudice.

**IT IS SO ORDERED.**

Date: April 2, 2013            s/ *Nancy A. Vecchiarelli*
                                                  U.S. MAGISTRATE JUDGE